IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY S. MANKA,                        Case No.

      Plaintiff,

v.                                             **JURY TRIAL DEMANDED**

MIDLAND CREDIT MANAGEMENT, INC.

      Defendant.
_____/

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND DEMAND FOR JURY TRIAL

### I. Introduction

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. (hereinafter "FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785 (hereinafter "FCCPA"). These laws prevent debt collectors and persons, respectively, from, *inter alia*, engaging in abusive, deceptive, harassing, and unfair collection practices.

### II. Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337, and 1367.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(d), as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

### III.     Parties

4. Plaintiff, GARY S. MANKA (hereinafter "Plaintiff"), is an individual who resides in the County of Hillsborough, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2), and is also a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. Defendant, MIDLAND CREDIT MANAGEMENT, INC. (hereinafter "MCM"), is a for-profit entity incorporated under the laws of Kansas, with its principal place of business located at 8875 AERO DR., STE. 200, SAN DIEGO CA 92123; Defendant MCM is a "debt collector," as that term is defined under 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6), as it regularly collects, or attempts to collect, debts alleged to be due to another, and is also an "out-of-state consumer debt collector," as that term is defined by Fla. Stat. § 559.55(8), as its business activities in Florida involve both collecting or attempting to collect consumer debt from debtors located in Florida by means of interstate communication originating from outside of this state.

### IV.     Factual Allegations

6. On or about June 8, 2010 Plaintiff received a letter from Defendant MCM advising Plaintiff that they are the new owner of Plaintiff's "GE MONEY BANK account." *A copy of this letter is attached hereto as Exhibit "A"*

7. The letter offered Plaintiff a 40% discount to settle his account in full, if Defendant MCM receives payment by July 13, 2010.

8. On or about July 1, 2010 Plaintiff drafted a letter in response to Defendant MCM's dunning letter, seeking validation of the debt, pursuant to 15 U.S.C. § 1692g. *A copy of Plaintiff's response, requesting validation of the debt, is attached hereto as Exhibit "B"*

9. This letter was mailed via United States Postal Service on July 6, 2010 and it was delivered to Defendant MCM on July 10, 2010. *Please see proof of USPS delivery confirmation, attached hereto as Exhibit "C"*

10. In a letter dated July 27, 2010, and entitled "PRE-LEGAL NOTIFICATION," Defendant MCM advised that it has made several attempts to collect and is now "considering forwarding this account to an attorney with the intent to initiate legal action to satisfy the debt." *A copy of this letter is attached hereto as Exhibit "D"*

11. Prior to sending the letter dated July 27, 2010, Defendant MCM failed to validate or the debt, per Plaintiff's earlier request.

12. Defendant MCM's collection efforts, after Plaintiff requested validation pursuant to 15 U.S.C. § 1692g, but prior to Defendant's production of such validation, were violative of the FDCPA.

13. Defendant MCM's collection efforts, after Plaintiff requested validation pursuant to 15 U.S.C. § 1692g, but prior to Defendant's production of such validation, were violative of the FCCPA, as this conduct could reasonably be expected to abuse or harass Plaintiff.

14. It is alleged that Defendant was attempting to collect a defaulted debt originally owed to GE Money Bank.

15. As a result of Defendant's collection efforts after it failed to provide the requested validation, Plaintiff suffered mental anguish in the forms of stress, worry, and fear that he may be forced to pay a debt which he does not owe.

### First Claim for Relief
### FDCPA Violation
### Gary S. Manka v. Midland Credit Management, Inc.

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 15.

16. Defendant's actions were performed with the intent to coerce Plaintiff into paying a defaulted consumer debt.

17. All acts or omissions of the employees/agents of Defendant MCM were performed within the scope of their respective employment/agency with Defendant, thus subjecting Defendant MCM to vicarious liability for these acts under the doctrine of respondeat superior.

18. The foregoing acts and omissions of Defendant and its employees/agents constitute numerous and several violations of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692d generally, 1692g(b).

19. As a result of the above violations of the FDCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FDCPA, and recovery for actual damages, statutory damages, and attorney's fees and costs.

### Second Claim for Relief
### FCCPA Violation
### Gary S. Manka v. Midland Credit Management, Inc.

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 15.

20. Defendant's actions were performed with the intent to coerce Plaintiff into paying a defaulted consumer debt.

21. All acts or omissions of the employees/agents of Defendant MCM were performed within the scope of their respective employment/agency with Defendant, thus subjecting

Defendant MCM to vicarious liability for these acts under the doctrine of respondeat superior.

22. The foregoing acts and omissions of Defendant and its employees/agents constitute violations of the FCCPA, including, but not limited to, Fla. Stat. § 559.72(7).

23. As a result of Defendant's violation of the FCCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FCCPA, and recovery for actual damages, statutory damages, punitive damages, and attorney's fees and costs.

## V.     Prayer for Relief

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment against Defendant for the following:

a. Declaratory judgment that Defendant's acts constituted violations of the FDCPA and FCCPA;

b. Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1) and Fla. Stat. § 559.77(2);

c. Statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and Fla. Stat. § 559.77(2);

d. Punitive damages, pursuant to Fla. Stat. § 559.77(2);

e. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77(2); and

f. Such other and further relief as may be just and proper.

Respectfully submitted, this 17th day of January 2011.

/s/ Joseph B. Battaglia
G. Donald Golden, Fla. Bar No.: 0137080
don@brandonlawyer.com
Joseph B. Battaglia, Fla. Bar No. 0058199
joe@brandonlawyer.com
THE GOLDEN LAW GROUP
808 Oakfield Drive, Suite A
Brandon, Florida 33511

Telephone: (813) 413-8700
Facsimile:  (813) 413-8701
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.

/s/ Joseph B. Battaglia
G. Donald Golden, Fla. Bar No.: 0137080
Joseph B. Battaglia, Fla. Bar No. 0058199